## SUPREME COURT.

The Equitable Life Assurance Society of the United States agt. John Schermerhorn, Alfred W. Craven, Alfred Schermerhorn and Alfred W. Craven, as trustees of Gustave De Macarty.

*Complaint — Demurrer — Parties — Improper joinder of causes of action — Code of Civil Procedure, section 484 — All causes of action united must affect all the parties to the action.*

A cause of action for damages for malicious trespass by the original defendants for the erection and continuance of brick stacks, and another for the removal of these stacks and for injunction against their maintenance and continuance, are improperly joined as against the successors in interest of the original defendants, who are made parties by a supplemental complaint reviving the action.

As the newly made parties cannot be charged in tort, the two causes of action do not affect all the parties to the action, as required by section 484 of the Code.

*Special Term, March,* 1881.

The action was commenced against the parties above named. The plaintiff alleged that on May 1, 1874, and at all times thereafter, it was seized and possessed of certain premises known as No. 12 Pine street, in the city of New York, describing the same by appropriate metes and boundaries, upon part of which a substantial structure had been erected, constituting a wing or addition to what was known as the Equitable Life Building for the use of which a proper supply of light and air were necessary. That such structure was set back from the line of ownership and possession of the plaintiff in the rear of the premises No. 17 Nassau street, owned and in possession of the defendants.

That the defendants, upon motives of malice and extortion, have erected and now maintain partly upon their own prem-

ises and partly upon the premises of the plaintiff, two tall brick stacks leaning directly against plaintiff's wall and the windows therein, effectually and absolutely blocking up and shutting out all air and light therefrom. That such stacks are of no utility whatever, except for purposes of malicious annoyance of the plaintiff. That they are intended to be and are a permanent encroachment and appropriation of plaintiff's land to its great injury and depreciation in value. That such injury is not entirely susceptible of pecuniary compensation.

The plaintiff asks for an injunction restraining the use and continuance of said stacks, the removal thereof and damages for the injury sustained by their erection.

The defendants appeared and answered and the cause came on for trial, when it appeared that the defendants Alfred Schermerhorn and Alfred W. Craven had died *ad interim*, and also that John Egmont Schermerhorn had been duly appointed trustee of Gustave De Macarty in place of said Schermerhorn and Craven, deceased. An order was made November 20, 1879, that the successors in interest of the parties deceased be made parties to this action, and that plaintiff have leave to issue a supplemental summons, and to make and file a supplemental complaint reviving the action. This has been done and demurrers are now interposed to the supplemental complaint:

*First.* That two causes of action have been improperly united therein.

*Second.* That the complaint does not state facts sufficient to constitute a cause of action.

*Joseph Larocque*, for demurrer.

*James Thompson*, opposed.

Larremore, J. — The demurrer is laid to the supplemental complaint, which refers to, and incorporates as part thereof, the original complaint in this action. It is alleged that such

supplemental complaint was made in pursuance of an order of this court, dated November 20, 1879, a copy of which is annexed thereto, whereby the widow, heirs-at-law, devisees, legal representatives, trustees and successors in interest of the deceased defendants in the original complaint were directed to be made parties, which was accordingly done.

Two causes of action are presented by the complaint:

1st. A claim for $20,000 damages for a malicious trespass by the original defendants, for the erection and continuance of the brick stacks mentioned in the complaint.

2d. The removal of the same from plaintiff's property, and injunctive process demanded against their maintenance and continuance.

It is difficult to reconcile these causes of action with section 384 of the Code of Civil Procedure. The newly made defendants cannot be charged in tort for an act beyond their control and, so far as appears, without their knowledge.

Nor is it evident that the legal representatives of Schermerhorn and Craven, in whom no title to the premises in question is vested, are proper parties to an action for the removal of unauthorized structures thereon, and for a perpetual injunction restraining the continuance thereof.

The statute says (*sec.* 484, *sub.* 9) that all causes of action united as therein provided must affect all the parties to the action. This test clearly distinguishes the case at bar. The order of November 20, 1879, should not control, as a clear issue of law is now presented for adjudication.

The demurrers are sustained, with leave to plaintiff to amend on payment of costs.